BILBREY, J.,
concurring.
I join in Judge Makar’s opinion. I write separately to emphasize that although this case involves an “intramural” dispute with adherents of the same religion, the church autonomy doctrine would apply even if Mr. Flynn was not Catholic. The doctrine simply holds that a state or federal court generally cannot intervene in matters of church affairs. There are, as Judge Makar explains, certain important exceptions to this limitation on jurisdiction which do not apply here. Application of,the church autonomy doctrine does not require a dispute between two religious points of view.
The “church autonomy doctrine” arises from “a long line -of Supreme Court cases that affirm the fundamental right of churches to ‘decide for themselves, free from state interference, matters of church government as well as those of faith and doctrine.’” EEOC v. Catholic Univ. of Am., 83 F.3d 455, 462 (D.C. Cir. 1996) (quoting Kedroff v. St. Nicholas Cathedral of Russian Orthodox Church in N. Am., 344 U.S. 94, 116, 73 S.Ct. 143); Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648 (10th Cir. 2002). The doctrine does not shield a church from liability in tort or for breach of contract. Rayburn v. General Conference of Seventh-Day Adventists, 772 F.2d 1164, 1168 (4th Cir.1985); Bryce, 289 F.3d at 657. Also, certain hiring practices may be subject to scrutiny. Rayburn, 772 F.2d at 1171; Bryce, 289 F.3d at 657; Malicki v. Doe, 814 So.2d 347 (Fla. 2002). Before applying the doctrine, it must be first determined with the conduct being challenged is “rooted in religious belief.” Wisconsin v. Yoder, 406 U.S. 205, 215, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972). Here, the conduct being challenged is the Diocese’s decision to require immunization, a requirement that is said to be religiously based.
All that is required for application of the doctrine is for a church or ecclesiastical body to take a position on religious grounds; it matters not that the opponent of the church have a religious basis in opposition. As Judge Makar observes, “the Catholic’s Church governance of its parochial schools is inherently religious, its obvious mission being the transmission of religious values....” (Maj. Op. at 1251). In my view, that is all that is needed in order to invoke the “church autonomy doctrine.” Whatever rights Mr. Flynn may have under section 1003.22(5)(a), Florida Statutes, such rights are of no consequence under the doctrine. Mr. Flynn’s only recourse would be to find an exception to the application of the doctrine, which he has not done.
Perhaps all of the above is a minor point. But, I would not want to create the notion that the invocation “church autonomy doctrine” depends on a clash of theo *1254 logical or religious views. The doctrine’s reach is greater than that.